# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––––

**No. ACM 24043**

––––––––––––––––––

**UNITED STATES**

*Appellee*

**v.**

**James D. BAYS**

Airman First Class (E-3), U.S. Air Force, *Appellant*

––––––––––––––––––

Appeal from the United States Air Force Trial Judiciary[1]

Decided 8 August 2025

––––––––––––––––––

*Military Judge*: Christopher D. James.

*Sentence*: Sentence adjudged 17 November 2023 by SpCM convened at Osan Air Base, Republic of Korea. Sentence entered by military judge on 12 December 2023: Confinement for 45 days, forfeiture of $500.00 pay per month for 90 days, reduction to E-1, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Lieutenant Colonel K. M. Wray, USAF; Major Kate E. Lee, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and KEARLEY, *Appellate Military Judges*.

––––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

––––––––––––––––––

[1] Appellant appeals his conviction under Article 66(b)(1(A), Uniform Code of Military Justice, 10 U.S.C. § 866(b)(1)(A) (*Manual for Courts-Martial, United States* (2024 ed.)).

_____

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas,[2] of one specification of failure to go at the time prescribed to his appointed place of duty, in violation of Article 86, Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 886; two specifications of willful dereliction of duty, in violation of Article 92, UCMJ, 10 U.S.C. § 892; and two specifications of drunk on duty, in violation of Article 112, UCMJ, 10 U.S.C. § 912.[3] The military judge sentenced Appellant to confinement for 45 days, forfeiture of $500.00 pay per month for 90 days,[4] reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or the sentence.

Appellant raises one issue on appeal: whether his sentence is inappropriately severe.[5]

On 31 July 2023, Appellant was a security forces guard who failed to report to his designated duty location at the required time of 0700 hours because on the prior evening he drank a significant amount of alcohol, set his alarm inaccurately, and overslept. Appellant knew the time and place he was required to report for duty and that upon arriving at his duty location he would be required to "arm up[ ] and put on [his] kit." At guard mount for security forces, Appellant was required to outfit himself accordingly and be in charge of loaded weapons and live ammunition while performing his duties.

Additionally, Appellant failed to refrain from consuming alcohol within eight hours prior to his scheduled work shift on 31 July 2023, and failed to refrain from arming up with loaded firearms while intoxicated. Appellant

_____

[2] There was no plea agreement or stipulation of fact in Appellant's case.

[3] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[4] The military judge issued a punishment of forfeiture of "$500.00 . . . pay per month for 90 days," which is not in compliance with proper announcement of sentence. *See* R.C.M. 1003(b)(2) ("Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last."). We interpret the military judge's punishment to be "forfeiture of $500.00 pay per month for three months." This error was not raised by Appellant, and we find it did not materially prejudice Appellant's substantial rights.

[5] This issue was personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

admitted he knew he had a duty to refrain from drinking alcohol after 2300 hours on 30 July 2023 because it was less than eight hours from his scheduled duty time of 0700 hours the following day. Appellant informed the military judge that on the evening of 30 July 2023, he drank a six-pack of long neck bottled light beer and six three-ounce shots of whiskey, and did not stop drinking until "approximately 2300 to midnight." Appellant clarified he drank alcohol after 2300 hours, which was within the eight-hour time frame prior to his duty. Appellant stated he knew he was intoxicated when he armed himself with loaded firearms on 31 July 2023, because he consumed "a lot of alcohol" the night before and at 0830 hours that morning his blood alcohol content showed .313, which was well above the legal limit of .08. Appellant admitted he knew he had a duty to refrain from arming up with a loaded firearm while intoxicated, and willfully failed to refrain from consuming such alcohol.

Related to the preceding charges, Appellant was also convicted of being drunk on duty on 31 July 2023. During the inquiry on this specification, Appellant relayed the same facts and circumstances as in the above specifications.

Additionally, Appellant was convicted of being drunk on duty on 17 August 2023, not even one month after the 31 July 2023 incident. The circumstances of this second incident were similar to those of the 31 July 2023 drunk on duty incident.

We find the adjudged sentence is within the limits of the law and appropriate for the crimes for which Appellant was convicted.

However, although not raised by Appellant, we note an error in the language of the reprimand included in the entry of judgment. Accurately reflecting the language provided by the convening authority, the reprimand includes the following sentence: "Your actions in willfully refraining from consuming alcohol before duty and arming up with loaded firearms while intoxicated are abhorrent and inexcusable." As written, this sentence contradicts the findings of the court-martial that Appellant willfully *failed* to refrain from arming up with loaded firearms while intoxicated. Accordingly, we find this portion of the reprimand incorrect in law and fact, and we hereby modify the judgment by excepting and substituting language in the quoted sentence. *See* R.C.M. 1111(c)(2); 10 U.S.C. § 866(d)(1).

Consistent with our authority granted under R.C.M. 1111(c)(2), we correct the entry of judgment by excepting the word "refraining," and substituting it for "failing to refrain." As entered, the findings are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)). In addition, the sentence, as modified, is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

Articles 59(a) and 66(d), UCMJ, 10 U.S.C. § 859(a), 866(d). Accordingly, the findings and the sentence, as modified, are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court